[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10241

Non-Argument Calendar

_____

FRANTZ PIERRE,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cv-23159-MGC

_____

Before NEWSOM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Frantz Pierre, proceeding *pro se*, appeals from the district court's November 2, 2022 order denying his combined motion and brief to correct a clerical error and motions to expedite and amend the pleadings. We construed his notice of appeal as a motion to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6) and remanded for the district court to consider it. The district court denied that motion on March 21, 2023, and Pierre now appeals that order too. To aid our review, we directed the parties to submit letter briefs addressing Pierre's challenge to the Rule 4(a)(6) order. Upon review of the record and the parties' letter briefs, we conclude that the district court did not abuse its discretion by denying Pierre's Rule 4(a)(6) motion.

We review the denial of a motion to reopen under Rule 4(a)(6) for abuse of discretion. *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). As a result, we will not reverse the district court's decision unless we determine that, at a minimum, that court made a clear error in judgment or applied an incorrect legal standard. *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1270 (11th Cir. 2013).

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir.

2010).  A notice of appeal in a civil case must be filed within 60 days after the judgment or order appealed from is entered if one of the parties to the action is the United States, as here.  28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).  If a party files a timely motion listed in Rule 4(a)(4)(A), then the appeal period runs from the entry of the order disposing of the last such motion.  Fed. R. App. P. 4(a)(4)(A).  Rule 4(a)(4) motions include motions to alter or amend judgment under Federal Rule of Civil Procedure 59.  *Id.*

A party may move the district court to reopen the time period to appeal.  *Id.* R. 4(a)(6); 28 U.S.C. § 2107(c).  Under Rule 4(a)(6), a district court may reopen the time to appeal for a period of 14 days if: (1) the court finds that the moving party did not receive notice under Rule 77(d) of the entry of the judgment or order to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced.  Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107(c).

Southern District of Florida Local Rule 11.1(g) provides that "[a] party appearing *pro se* shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change" and "[t]he failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court."  S.D. Fla. L.R. 11.1(g).

Here, Pierre's January 19, 2023 notice of appeal is untimely to challenge the district court's November 2, 2022 order because it

was not filed within 60 days of the order.  *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B).  However, Pierre's March 30, 2023 notice of appeal, which he filed after the district court denied his Rule 4(a)(6) motion, is timely to challenge the district court's March 21, 2023 order denying that motion because he filed the notice of appeal within 60 days of the district court's resolution of his construed motion for reconsideration of the denial of his Rule 4(a)(6) motion. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B), (4)(A).  Therefore, Pierre cannot challenge the district court's November 2 order unless we determine that the district court abused its discretion by denying Pierre's Rule 4(a)(6) motion and he is granted relief under Rule 4(a)(6) following another remand.

We conclude that the district court did not abuse its discretion by denying Pierre's Rule 4(a)(6) motion.  The district court was allowed, but not required, to reopen the time to file an appeal if the Rule's requirements were met.  *See* Fed. R. App. P. 4(a)(6).  It is undisputed that Pierre failed to file the change of address form required by the Southern District of Florida's local rules upon transfer to Ashland Federal Correctional Institution ("Ashland FCI"). The record reflects that Pierre was aware of this requirement, and he had filed the change of address form in the past.  Additionally, even if Pierre was prevented from filing the form with the district court within seven days of his arrival at Ashland FCI for reasons outside of his control, that does not excuse his failure to file the change of address form once he was able to do so.  Under these facts, the district court's refusal to reopen the time period to appeal was not a clear error of judgment.  Therefore, the appeal from the

23-10241                Opinion of the Court                5

district court's November 2, 2022 order is untimely and we lack jurisdiction to review that order.  *See Hamer*, 138 S. Ct. at 21; *Green*, 606 F.3d at 1300.

Accordingly, we AFFIRM the district court's March 21, 2023 denial of Pierre's Rule 4(a)(6) motion and DISMISS the appeal from the district court's November 2, 2022 order for lack of jurisdiction. All pending motions are DENIED as moot.